UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

|  |  |
|---|---|
| AMANDA OPALENIK,<br>       Plaintiff,<br><br>v.<br><br>SAVEUR DE PAIN, INC. d/b/a PB Boulangerie Bistro,<br>       Defendant. | Civil Action No. _____ |

## COMPLAINT and JURY DEMAND

### INTRODUCTION

1. The Plaintiff, Amanda Opalenik, ("Plaintiff" or "Ms. Opalenik"), brings this complaint against Defendant, Saveur de Pain, Inc. d/b/a PB Boulangerie Bistro, ("Defendant" or "the Bistro"), to recover unpaid overtime wages owed to her under the Fair Labor Standards Act ("FLSA") and timely payment of said wages under Massachusetts General Laws chapter 149, section 148.  At all times relevant, Ms. Opalenik worked for Defendant under the title of "assistant manager".  However, Plaintiff's actual work consisted largely of non-management service work.  She typically worked well in excess of fifty (50) hours a week, in each week that she was employed.  Defendant failed to pay overtime wages at rate of one and one-half times her regular hourly rate for all hours worked in excess of forty per week.  Therefore, Plaintiff seeks recovery for her unpaid wages including liquidated damages, and costs, and attorney's fees.

### PARTIES

2. Plaintiff, Amanda Opalenik, is a resident of 5 Bach Lane, South Hadley, Hampshire County, Massachusetts 01075.

3. Defendant, Saveur de Pain, Inc. d/b/a PB Boulangerie Bistro, is a domestic for-profit company with its principal location at 15 Lecount Hollow Road, Wellfleet, Barnstable County, Massachusetts 02663.

## JURISDICTION AND VENUE

4. This Court has Jurisdiction over the subject matter of this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq* ("FLSA"), pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court is the proper venue pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

6. Plaintiff, Amanda Opalenik, was employed by the Bistro, beginning on or around June 28, 2017, through on or around November 10, 2017.

7. Ms. Opalenik had also previously worked at the Bistro from May 2015 to June 2016 as a bakery server during which time she earned $15.00 per hour not including tips.

8. From June 28, 2017, through September 11, 2017, she was employed by the Bistro as an administrative assistant, also for $15.00 per hour.

9. In September 2017, she was offered a promotion to assistant manager and on September 12, 2017, she officially became an assistant manager at the Bistro.

10. Plaintiff however, did not perform management services.  Rather, she performed nonexempt service work and limited administrative tasks not involving the exercise of discretionary and independent judgment on matters of importance.

11. At times, she came in early, filled in at the last minute, worked on personal time, picked up the slack for others, stayed late with little to no advance notice, and overall did everything that was asked of her.

12. She frequently performed the same duties as the servers: mopping, vacuuming, scrubbing bathrooms and other tasks associated with closing the bakery at the end of the day.

13. Further, Plaintiff was frequently not allowed to take a meal break and expected to work straight through her scheduled shift.

14. From September 12, 2017, through November 10, 2017, Plaintiff earned a rate of pay of $850.00 per week regardless of the number of hours she worked.

15. At times, she was expected to do, and in fact did, bakery-related tasks at home, on her own time, working on such things as menus, signs and charts.

16. Defendant did not compensate Ms. Opalenik at a rate of one and one-half times her hourly rate for hours worked in excess of forty during this time period.

17. At all times relevant to this complaint, Ms. Opalenik worked an average of 55 hours per week.

18. As of November 10, 2017, Plaintiff had worked approximately seven weeks with shifts in excess of forty hours per week in which Defendant was required, but failed, to pay her an overtime premium.

19. On average, Ms. Opalenik worked about 15 extra hours every week, amounting to approximately $3,347 in unpaid overtime wages.

20. Defendant failed to timely pay Ms. Opalenik for all of her wages when due under state law.

21. On January 9, 2018, the Massachusetts Attorney General's office provided Ms. Opalenik with a Right to Sue letter (see Exhibit A).

22. On January 16, 2018, the U.S. Department of Labor provided Ms. Opalenik with a Right to Sue letter (contained in Exhibit A).

## COUNT I:
## FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA"), 29 U.S.C. § 207(a)(1)

23. Ms. Opalenik repeats and re-alleges the allegations in the preceding paragraphs as if set forth here in full.

24. Plaintiff brings this count under the FLSA, arising out of the Bistro's failure to pay her overtime wages for the period of September 12, 2017, through November 10, 2017.

25. The Bistro is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A), in that its employees are engaged in interstate commerce and its annual gross volume of sales made or business done exceeds $500,000.00 exclusive of excise taxes.

26. The Fair Labor Standards Act, 29 U.S.C. § 207, provides that employers who employ employees for a workweek in excess of forty hours shall compensate those employees for all hours worked in excess of forty hours per week at the rate of one and one-half times their regular hourly rate.

27. Defendant regularly employed Plaintiff to work in excess of forty hours per week but failed to compensate her for the hours worked in excess of forty per week at the proper time-and-a-half rate.

28. For example, during the week of October 10 to 15, 2017, Ms. Opalenik worked Tuesday through Sunday, averaging 9 to 12 hours per day.

29. Defendant's failure to pay one and one-half times Plaintiff's hourly rate of pay for all hours over 40 per week violates the FLSA.

30. Wherefore, Plaintiff is entitled to recover damages. 29 U.S.C. §§ 201 *et seq*.

## COUNT II:
## FAILURE TO PAY TIMELY WAGES IN VIOLATION OF THE WAGE ACT, M.G.L. c. 149 §§ 148, 150

31. Ms. Opalenik repeats and re-alleges the allegations in the preceding paragraphs as if set forth here in full.

32. Defendant failed to pay Plaintiff her wages in their entirety within the time frame as set forth in M.G.L. c. 149, § 148.

33. Wherefore, Plaintiff is entitled to recover three times the amount of her unpaid wages plus interest, costs and reasonable attorney's fees. M.G.L. c. 149, § 150.

## DEMAND FOR RELIEF

Wherefore, Plaintiff requests that this Court enter the following relief:

1. Restitution for all unpaid wages in the amount to which she is entitled,
2. Liquidated damages under the FLSA;
3. Statutory trebling of all damages for claims under M.G.L. c. 149 § 150;
4. Such pre-judgment and post-judgment interest as may be permissible by law;
5. The costs of this action, including reasonable attorney's fees; and
4. Any other relief to which Plaintiff may be entitled.

## JURY DEMANDED

Plaintiff requests a trial by jury on all claims.

Dated: October 16, 2018

The Plaintiff,
AMANDA OPALENIK,
By her attorney,

_____/s/ Raymond Dinsmore_____
Raymond Dinsmore (BBO # 667340)
60 Masonic Street, Suite E
Northampton, MA  01060
Ph:  (413) 341-3639; Fx:  (413)341-3640
Email:  rdinsmore@dinsmorestark.com